Filing # 145106766 E-Filed 03/04/2022 02:36:36 PM

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

VINCENT L. BELLANTONI,
an individual,

      Plaintiff,

v.

Case No.:

RADIUS GLOBAL SOLUTIONS, LLC,

      Defendant.

_____/

## COMPLAINT

**COME NOW**, Plaintiff, VINCENT BELLANTONI (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, RADIUS GLOBAL SOLUTIONS, LLC (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collections Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* (hereinafter "FDCPA"), wherein Defendant knowingly attempted to collect a consumer debt directly from Plaintiff after the debt was past the Florida statute of limitations.

### JURISDICTION, PARTIES, AND VENUE

2. This is an action for damages that exceeds $8,000 but is less than $15,000, exclusive of attorneys' fees and costs.

3. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77 and 15 U.S.C. Section 1692 *et seq.*

4. At all material times herein, the conduct of Defendant, complained of below, occurs

1

in Pasco County, Florida.

5.  At all material times herein, Plaintiff is an individual residing in Pasco County, Florida.

6.  At all material times herein, Defendant does business in Pinellas County, Florida.

7.  At all material times herein, Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8.  At all material times herein, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FCCPA AND FDCPA STATUTORY STRUCTURE

9.  The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

11. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium.*" 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

2

12. For example, the FDCPA prohibits a debt collector from attempting to collect a debt through deceptive means, & the FCCPA prohibit a creditor and debt collector from collecting consumer debt by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist. *See* Fla. Stat. § 559.72(9) 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

13. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and the FDCPA.

14. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

15. At all material times herein, Defendant is a "debt collector" as defined by the FDCPA.

16. At all material times herein, Defendant attempts to collect a consumer debt, including but not limited to, a student loan (Account Nos. -641, -642) allegedly owed to Defendant (hereinafter, the "Debt").

17. At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

18. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

19. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

20. At all material times herein, Defendant acts themselves or through their agents,

employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

22. In or around January 31, 2022, Defendant and Plaintiff had a telephone conversation (hereinafter, "Conversation").

23. During this Conversation, Plaintiff allegedly agreed to repay $2,500 on as a settlement on an account balance of $76,494.52.

24. Critically, during this Conversation, Defendant never advised Plaintiff that Plaintiff was not required to repay this Debt because it was well past the statute of limitations and could not be sued or credit reported due to the age of the debt, as well.

25. Plaintiff has not made a payment on this debt in over five (5) years.

26. Plaintiff did not agree in writing to repay this debt to Defendant.

27. As such, on February 1, 2022, Defendant mailed a collection letter directly to Plaintiff in attempts to collect the Debt (hereinafter, "Collection Letter"). A true and correct copy of this Collection Letter is attached as **Exhibit A.**

28. Importantly, Defendant failed to include any language informing Plaintiff that due to the age of the debt, Plaintiff could not be sued or credit reported for failing to repay the debt.

29. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiffs prevail in this matter against Defendant.

30. The FDCPA provides for the award of up to $1,000.00 statutory damages, actual

damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICES – VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

31. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by collecting consumer debt by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist.

32. Specifically, as noted above, Defendant knew this debt was past they five-year statute of limitations yet failed to inform Plaintiff that due to it being past the statute of limitations, Plaintiff could not be sued or credit reported for the debt.

33. As such, Defendant coerced Plaintiff into thinking he had to repay this debt when he does not.

34. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e, 1692e(2)(A), & 1692e(10)

Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further state as follows:

35. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. Section 1692e.

36. Further, The FDCPA prohibits a debt collector from providing false representation of the character, amount, or legal status of any debt. *See* 15 U.S.C. Section 1692e(2)(A).

37. Moreover, the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *See* 15 U.S.C. Section 1692e(10).

38. Specifically, as noted above, Defendant knew this debt was past they five-year statute of limitations yet failed to inform Plaintiff that due to it being past the statute of limitations, Plaintiff could not be sued or credit reported for the debt.

39. As such, Defendant coerced Plaintiff into thinking he had to repay this debt when he does not.

40. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Defendant declaring that Defendant violated the FCCPA;

    b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c. Judgment against Defendant declaring that Defendant violated the FDCPA;

    d. Judgment against Defendant for maximum statutory damages for violations of the FDCPA;

  e. Actual damages;

  f. An award of attorneys' fees and costs; and

  g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

SWIFT, ISRINGHAUS & DUBBELD, P.A.

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

7

# radius

Correspondence or Payment Address:
PO Box 390915
Minneapolis MN 55439

**Radius Global Solutions, LLC**
7831 Glenroy Rd.
Suite 250-A
Minneapolis MN 55439

**Hours of Operation:** Monday - Thursday: 8:00AM to 9:00PM – Friday: 8:00AM to 5:00PM CST

---

February 1, 2022

Radius #: 21727848

Vincent L Bellantoni
31138 Chatterly DR
Wesley Chapel FL 33543-6814

Account Information
Creditor: Navient
Account#: 007-644642, 007-644641
Balance: $76,494.52
Offer Amount: $2,500.00

Dear Vincent L Bellantoni:

This letter confirms our agreement made on 01/31/2022. You agreed to the following:

Reduced Payment Option:
Pay a onetime payment of $2,500.00 to resolve the above Account(s) for less than the balance. This offer is contingent upon timely payment. We will honor this offer if payment is received by 02/25/2021. Provided the payment made is not reversed or otherwise returned as unpaid, no further attempts will be made to collect the remaining balance. We are not obligated to renew this offer.

Please contact our office if you have any questions. Our toll-free number is 866-947-6802.

Sincerely,

Radius Global Solutions

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Calls to or from this company may be monitored or recorded.

**PLEASE SEE ADDITIONAL PAGES FOR IMPORTANT INFORMATION**

---